IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sherman Green,<br><br>      Plaintiff,<br><br>vs.<br><br>City of Columbia; and George Simpson,<br><br><br>      Defendants. | C/A No. 3:21-cv-4085-JFA-PJG<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Sherman Green ("Plaintiff"), through counsel, brings this action under 42 U.S.C. § 1983 and the South Carolina Torts Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. against Defendants City of Columbia (the "City") and George Simpson. Plaintiff originally filed this action in the Richland County Court of Common Pleas where it was subsequently removed to this Court by the City. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Shortly after Removal, Plaintiff moved to remand the case.

After reviewing Plaintiff's motion to remand the case to the Richland County Court of Common Pleas (ECF No. 13) and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the motion to remand should be granted. (ECF No. 22). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards.

1

Defendants filed joint objections to the Report (ECF No. 26) and Plaintiff replied in opposition to those objections. (ECF No. 28). Thus, this matter is ripe for review.

## II. BACKGROUND

Although the facts and standards of law set forth in the Report are incorporated, the highly technical nature of this motion requires the Court to recite the salient facts. On November 15, 2021, Plaintiff filed this action in the Richland County Court of Common Pleas. (ECF No. 1-1). Plaintiff attempted to serve the summons and complaint on both defendants on November 18, 2021, by delivering the documents to the City of Columbia Clerk's Office. (ECF No. 21). On December 17, 2021, the City appeared in the state court action and attempted to remove the case to this Court but was prevented from filing the notice of removal due to technical difficulties. (ECF No. 20). The next business day, December 20, 2021, the City filed the notice of removal in this Court. *Id.* The notice of removal does not specify whether Defendant Simpson had been served or whether he consented to removing the action. (ECF No. 1). Defendant Simpson filed an answer in state court minutes after the notice of removal was filed to avoid default. (ECF No. 22). On December 21, 2021, the City filed a copy of the notice of removal in state court. *Id.* The following day, December 22, 2021, Simpson filed an answer in this Court. (ECF No. 10). Plaintiff then filed the instant motion to remand this matter to state court on January 19, 2022. (ECF No. 13).

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-cv-00288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509

(6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### IV. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Defendants jointly submitted four objections to the Report, arguing that the Magistrate Judge erred in the following particulars:

> (1) by concluding that Defendant Simpson, who had not been properly served at the time Defendant City removed the action, was required to file his consent or join in the City's notice of removal within thirty days of service upon him to withstand Plaintiff's Motion to Remand; (2) by concluding that Defendant Simpson has not sufficiently demonstrated his consent to proceed in federal court despite numerous filings, including Rule 26.01 Interrogatory responses averring that federal court was the appropriate venue to litigate this case; (3) by concluding that any such lack of consent cannot be cured; and, (4) by failing to consider the totality of the circumstances.

(ECF No. 26). The Court will address each objection to the Magistrate Judge's Report.

**1. Simpson was Required to File his Consent or Join the Notice of Removal**

The Defendants' first objection to the Report is that the Magistrate Judge erroneously concluded that Simpson's formal consent was required to withstand Plaintiff's motion to remand. Defendants aver that the Magistrate Judge made four critical mistakes in reaching this conclusion.

### A. Requirements of the Removal Statute

Defendants claim that there is no requirement that after-served defendants must consent to the removal action once a defendant who had previously been properly joined

4

and served removes the action. In support, Defendants cite that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). They contend that § 1446(b)(2)(A) does not include any consent requirement for defendants who are served after the action has been removed ("after-served defendants"). Thus, they conclude that the only consent required for removal is from those defendants properly joined and served at the time of removal. Moreover, they suggest that after-served defendants who do not wish to litigate in federal court have the option to remand the case once they have been served.

However, the "rule of unanimity" requires the unanimous consent of *all defendants* properly joined and served to effectuate removal. The language of "properly joined and served defendants at the time of removal" is nowhere in the statute. *See* 28 U.S.C. § 1446(b)(2)(A). Therefore, an after-served defendant has thirty days from the time they are properly joined or served to consent to the removal. To ignore this necessity would be in contradiction with the rule of unanimity and would excuse any after-served defendant from the required unanimous consent to litigate in federal court after the plaintiff has chosen to bring the action in state court.

### B. Application of *McKinney* and *Barbour*

Second, Defendants object to the Magistrate Judge's reliance on *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.* and *Barbour v. Int'l Union* on the basis that those cases are no longer good law. 955 F.2d 924 (4th Cir. 1992); 640 F.3d. 599 (4th Cir. 2011). They contend that any reliance on those cases was erroneous because Congress passed the

Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 ("JVCA") after these opinions were published. The Report cites the Fourth Circuit's *McKinney* intermediate rule as applicable when multiple defendants are served at different times and that it stands for two propositions.[1] The Report acknowledges that the first proposition has been abrogated by the JVCA; however, the second proposition remains precedential regarding the time from which a non-removing defendant's consent must be provided or suffer remand. The JVCA codified a version of the rule of unanimity in § 1446(b)(2)(A) and established the last-served defendant rule.[2]

Defendants argue that the JVCA codification abrogated the entirety of *McKinney* and *Barbour*. They claim that the JVCA abrogated the second proposition based on the language of § 1446(b)(2)(A) and there is no requirement for Simpson to file a notice of consent following his post-removal service of process. Moreover, they stress that 28 U.S.C. § 1448 provides a defendant served post-removal with the opportunity to move to remand if that defendant does not want to proceed in federal court. Defendants cite to *Lewis v. Rego Co.*, where § 1448 serves only as a preservation for the right to remand for an after-served defendant rather than creating any right for a plaintiff to seek remand. 757 F.2d 66, 69 (3d Cir. 1985).

---

[1] The intermediate rule stands for two propositions. First, that when multiple defendants are served at different times the notice of removal must be filed within thirty days of service on the first-served defendant, regardless of when the later-served defendants are served. *McKinney*, 955 F.2d at 926. Second, that the later-served defendants have thirty days from the date on which they are served to join or not join the first-served defendants notice of removal. *Id.* at 926-27

[2] The last-served defendant rule allows the latest-served defendant to remove an action within thirty days of service even if previously-served defendants had already missed their own thirty day window to remove. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008).

Defendants argument on this assertion is also unpersuasive. First, their proposed interpretation of § 1446(b)(2)(A) also implies provisions of the rule that are not in the statute. There is no provision that states the statute serves as an exclusive preservation of a right for the after-served defendant to remand, yet prohibits the plaintiff from moving to remand if the defendant fails to consent. However, as discussed above, only offering the option of a possibility of remand would be incongruent with the reasoning behind the rule of unanimity.

Additionally, the second proposition in *McKinney* was not abrogated by the JVCA. In *Ledwell v. Ravenel*, the Fourth Circuit cited from a pre-JVCA holding and reasserted that "a state court action cannot be removed to federal court unless all defendants consent to the action's removal." 843 Fed.Appx. 506, 507 (4th Cir. 2021) (citing *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013)). "If the first served defendant files a notice of removal, later-served defendants have ample time — thirty days from the date that each such defendant is served — to decide whether to join the notice of removal[.]" *McKinney* 955 F.2d at 928.

Applying the last-served defendant rule in this action, the last-served defendant here (Simpson), failed to meet the required deadline. Simpson did not consent to the City's removal within the thirty-day required time from the time he was served. Simpson voluntarily submitted to the state court's jurisdiction when he answered the complaint on December 20, 2021. He then failed to consent to or join in the notice of removal by January 19, 2022. Plaintiff then timely moved to remand the case. (ECF No. 13). Therefore, Simpson had thirty days from the time that he was served to consent to the existing notice

7

of removal. Simpson failed to unambiguously consent during that time frame and the case should be remanded.

### C. Distinctions Between This Case and *McKinney* and *Barbour*

Defendants also claim that the Magistrate Judge failed to appreciate key distinctions between the present action and the facts in *McKinney*, *Barbour*, and other cases that pre-date the enactment of the JVCA. They contend that each of these cases considers a defendant that had been served prior to the filing of the notice of removal and then failing to join or consent to the removal. Again, Defendants objection misses the mark. Acknowledging that the defendants in those cases were served prior to removal, the rule of unanimity and timing requirements to remove or consent to the removal in thirty days are still applicable to after-served defendants.[3] Thus, Defendants objection and attempt to distinguish these cases from the present action is unpersuasive.

### D. Exceptions to the Rule of Unanimity

Alternatively, Defendants claim that if the judicially created rule of unanimity is still applicable post enactment of the JVCA, then the Magistrate Judge erred by failing to consider then-existing exceptions to that rule. Namely, that the Magistrate Judge failed to consider the related caselaw where "[a] defendant need not join in or consent to removal if: '(1) it had not been served with process at the time the removal petition was filed.'" *Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 494-95

---

[3] *See Alston v. Wells Fargo Bank, Nat'l Ass'n*, No. TDC-17-1085, 2017 WL 2839629, at *2 (D.Md. June 29, 2017) (finding that co-defendants do not have an open-ended deadline for satisfying the unanimity requirement).

(D.S.C. 2014). However, *Palmetto* cites to a Fourth Circuit opinion where the Court stated "[Section] 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process." *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D. Va. 1992) (quoting *Wilkins v. Correctional Medical Sys.* 931 F.2d 888 at *2 n.2 (4th Cir. 1991)). Additionally, "[b]ecause the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service." *Wilkins* 931 F.2d 888 at *2 n.2.

In addition to *Palmetto*, Defendants also point to a range of cases that are both pre-JVCA and non-Fourth Circuit cases that stand for the proposition that only defendants that have been properly served at the time of removal are required to join in the removal. However, these cases do not take into account circumstances similar to those in *Creekmore*. In those cases, the defendants that were served at the time of removal had to join in the removal.[4] They did not discuss the after-served defendants, who would leave the case subject to remand if they did not join in the removal unambiguously within the designated thirty-day deadline from time of service. The holdings of those cases stated the logical rule that only parties that were served at the time of the removal could possibly consent to

---

[4] Those cases include : *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985); *Dievel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003); *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1182 (D.N.M. 2017); *Diversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1005 (E.D. Wis. 2011). (ECF No. 26, p. 10).

removal. Simply, all defendants must consent to removal within thirty days of being properly served. This includes after-served defendants. Thus, Defendants objection must be overruled because Simpson failed to file, consent, or join in the notice of removal within thirty days of proper service.

### 2. UNAMBIGIOUS CONSENT

#### A. Answer

Defendants object to the Magistrate Judge's conclusion that Simpson's filing of his answer in state court after the matter was removed to federal court constituted a waiver of service. They suggest that once the action was removed by the City to this Court without proper service on Simpson, the South Carolina Rules of Civil Procedure were no longer applicable. In support, Defendants cite to Rule 81(c)(1) of the Federal Rules of Civil Procedure which states "[t]hese rules apply to a civil action after it is removed from a state court." Finally, that if the filing of the answer in state court is treated as a voluntary submission to the court, then the answer filed by Simpson in federal court should also be found as an expression to consent to proceed in federal court.

Defendants conflate the answer with the unambiguous consent requirement in this argument. For purposes of serving a defendant, Rule 4(d)(6) of the Federal Rules of Civil Procedure authorizes "serving the summons and complaint in the manner prescribed by the law of that state." Further, Rule 4(d) of the South Carolina Rules of Civil Procedure states "[voluntary] appearance by defendant is equivalent to personal service." *Maybin v. Northside Correctional Center*, 891 F.2d 72, 74 (4th Cir. 1989). Simpson's voluntary appearance in state court occurred on December 20, 2021 through his answer to the

complaint. This preceded his answer and notice of appearance in federal court on December 22, 2021. Regardless of whether Simpson was served before the action was removed, Simpson still would have been required to unambiguously consent to the action continuing in federal court after the City filed the notice of removal.

### B. Simpson's Failure to Remand and Indicia of Consent

Alternatively, if Simpson's consent was required in order for removal to be proper, Defendants object to the Magistrate Judge's finding that Simpson did not sufficiently consent to removal in order to proceed in federal court. "[A] notice…representing unambiguously…defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." *Mayo v. Bd. of Educ. Of Prince George's Cnty.*, 732 F.3d 735, 742 (4th Cir. 2013). Further, the filing requirement is mandatory and "there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service." *Wilkins*, 931 F.2d 888 at *2 n.2.

Defendants argue that Simpson's action in this Court related to this matter, considered as a whole, serve as unambiguous evidence that he wished to proceed in federal court. First, because he did not elect to seek remand, created as a right in defendants that do not wish to proceed in federal court pursuant to § 1448, his lack of action must be interpreted as clear and unequivocal consent to the removal. Second, that Simpson's other filings and participation in this Court prior to remand indicate his unambiguous intent to

proceed in federal court.[5] Finally, that Simpson orally agreed to the removal of the action to federal court. (*See* ECF No. 18-1). Defendants allege that Plaintiff should not be granted the right to "commandeer Defendant Simpson's right to seek remand" based on § 1446(b)(2)(A)'s unanimity requirement. (ECF No. 26 at p. 13).

Plaintiff's response in opposition contends that there is no supporting authority that would allow the Court to consider the collective submissions and omissions to be interpreted as unambiguous consent to removal. Notably, Plaintiff argues that 28 U.S.C. § 1448 does not refute the rule of unanimity and only preserves a mechanism for a non-removing defendant to move to remand if that defendant possesses a desire to proceed in state court or has another ground to seek removal. There is no authority that states failure to invoke 28 U.S.C. § 1448's remand provision is equivalent to "unambiguous" consent to removal. *Mayo v. Bed. Of Educ. Of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013).

Additionally, Plaintiff notes the actual questions that Defendants claim equate to unambiguous consent to removal from the responses. Local Civil Rule 26.01 (D.S.C.) inquires, "[s]tate the basis asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division)"; meanwhile, Simpson's response was "[i]t appears that the appropriate division is the Columbia Division. Upon

---

[5] Defendants specifically cite to Simpson's filed responses in accordance with Local Civil Rule 26.01 (D.S.C.) interrogatories in which he stated that this Court was the appropriate place to litigate this matter prior to the thirty-day requirement to consent or join expired. (ECF No. 11, p.2). In addition, Defendants point to Simpson's full participation in the parties' Rule 26(f) report, 26(a)(1) disclosures, and 26.03 responses. *Id.*

information and belief, the alleged events that are the subject of this lawsuit occurred in Richland County, South Carolina and most of the parties reside or are located in or near Columbia, South Carolina." (ECF No. 11 at p.2).

Second, Defendants argument that the other filings should amount to unambiguous consent does not withstand scrutiny. The responses were required in the Rule 26(f) report, the 26(a)(1) disclosures, and the 26.03 responses. These inquiries were similar to the 26.01 responses and the Court cannot construe them as a collective that displays unambiguous consent to proceed in federal court. Finally, the oral agreement is unrecorded and not officially filed with this court. Thus, the Court is unable to find that Simpson unambiguously consented to removal and the objection is overruled.

### 3. Failure to Indicate Consent is Curable

Defendants third objection asserts that the Magistrate Judge's conclusion that the failure to file a formal indication of consent by a defendant who was served after removal is not a curable defect.[6] Specifically, Defendants allege that it was error for the Magistrate Judge to rely upon unpublished district court cases while ignoring the analysis in "well-reasoned appellate opinions" such as *Esposito v. Home Depot U.S.A., Inc.* and *Harper v. AutoAlliance Int'l, Inc.* in which those respective circuit courts found that the defendant is permitted to amend an answer. 590 F.3d 72 (1st Cir. 2009); 392 F.3d 195 (6th Cir. 2004).

28 U.S.C. § 1653 states "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Additionally, Rule 15(a)(2) of the Federal Rules of

---

[6] Defendants also contend that this issue "does not involve a failure to consent, but rather a failure of an after-served defendant to file a formal indication of such consent." (ECF No. 26 at p. 13 n.4).

13

Civil Procedure provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fourth Circuit courts have held that amendments and supplemental corrections are not available for a failure of the party to unambiguously allege consent upon removal, nor may an after-served defendant untimely provide consent to the removal. *Wilkins* 931 F.2d 888 at *2 n.2 (4th Cir. 1991). The requirement and subsequent failure as to time for removal is not a substantive matter, is not jurisdictional, and is in fact a procedural defect. *See Meyers-Arnold Co. v. Md. Cas. Co.*, 248 F.Supp. 140, 146 (D.S.C.) (It is a procedural defect when a defendant fails to join in removal or unambiguously consent within the thirty-day time-period.)

    Defendants objection urges the Court to employ the analysis from *Esposito* and *Harper*. In *Esposito*, the court held that the defendants could remedy an error in the notice of removal because the defendants opposed plaintiff's remand motion and were thus sufficient in establishing consent to the co-defendants' notice of removal. 590 F.3d at 77 (citing *Harper* 392 F.3d at 202 (6th Cir. 2004)). Here, Defendants concede that § 1653 has been interpreted as disallowing amendments that seek to change the basis for removal. They argue that this understanding is misconstrued in the present issue because they simply seek to clarify that any requirement for consent to remove was present in fact at the time the case was removed to this Court. The basis for jurisdiction would remain the existence of a federal question and to the extent any consent to removal is still required, they could simply amend the notice of removal to include Simpson's consent on the filing as well.

However, these cases are persuasive authorities as both originate from out-of-circuit caselaw. The Fourth Circuit has not definitively ruled on this exact issue, but courts in this circuit have found that a defendant cannot cure a party's failure to consent to a previously filed notice of removal. *Coffman v. Town of Port Royal*, C/A No. 9:21-cv-3337-RMG, 2022 WL 120928, at *2 (D.S.C. Jan. 14, 2022); *Alston v. Wells Fargo Bank, Nat. Ass'n*, C/A No. 17-CV-1085-TDC, 2017 WL 2839629, at *2 (D.S.C. Mar. 14, 2017).

Here, Simpson had thirty days after being served to file his own notice of removal. Based on the language of the statute, all defendants have 30 days to make a removal decision. *Alston*, 2017 WL 2839629, at *2. In this instance, Simpson failed to unambiguously consent to the City's notice of removal. This instant procedural defect is not analogous to other cases decided in this circuit where the court allowed amendment of the notice of removal to allege missing facts concerning diversity. (*See Meyers-Arnold Co. v. Maryland Cas. Co.*, 258 F. Supp. 140, 142 (D.S.C. 1965); *W. Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co.*, 354 F. Supp. 2d 660, 671 (S.D. W. Va. 2005). This circuit requires strict compliance for removal jurisdiction and Simpson failed to unambiguously consent to removal on the record. Thus, the objection is denied.

### 4. Failure to Consider the Totality of the Circumstances

Defendants final objection asserts that the Magistrate Judge failed to consider the totality of the circumstances in this case such that the court should have found Simpson's actions satisfy the requirements for consent to remove. However, this argument misses the mark as the totality of the circumstances is not the standard used when determining whether the court has subject matter jurisdiction. "The burden of establishing federal jurisdiction is

placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (cleaned up). Removal jurisdiction must be strictly construed because it raises significant federalism concerns. *Id.* A remand is necessary where doubt exists for removal jurisdiction. *Id.*

Thus, the Court is unable to consider the totality of the circumstances in this instance as it is an inappropriate standard. The statute and supporting caselaw require strict construction of removal jurisdiction. Moreover, the Court would still be disinclined to sustain defendants objection if there were not a strict construction of the statute because Simpson did not unambiguously consent to the City's notice of removal.

## V. REQUEST FOR CERTIFICATION TO APPEAL

The Court declines Defendants request for a certificate of appealability and will not issue one under 28 U.S.C. § 1292(b). The result of the remand is neither outcome determinative of the case, nor would an immediate appeal from this order materially advance the ultimate termination of this litigation.

## VI. CONCLUSION

After carefully reviewing the applicable laws, the record in the case, the Report, the objections, and responses, this Court finds that the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 22) and grants Plaintiff's motion to remand (ECF No. 13). Defendant Simpson's motion to amend/correct his answer to the complaint is denied as moot. (ECF No. 25). The

case is to be remanded to the Richland County Court of Common Pleas due to Defendants failure to provide timely unambiguous consent to the removal of this action.

IT IS SO ORDERED.

May 23, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge